# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHINAYE WILLIAMS, | * | CIVIL ACTION NO. 15-168 |
| | * | |
| *Plaintiff* | * | |
| vs. | * | JUDGE JAMES J. BRADY |
| | * | |
| UNITED STATES ENVIRONMENTAL | * | |
| SERVICES, L.L.C. | * | MAG. JUDGE RICHARD BOURGEOIS |
| | * | |
| *Defendant* | * | |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS

To:    Plaintiff, Shinaye Williams
Through her counsel of record:
Christopher L. Williams
1055 St. Charles Ave., Suite 300
New Orleans, LA 70130
chris@williamslitigation.com

Defendant, United States Environmental Services, L.L.C. ("Defendant" or "USES"),

responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as

follows:

### RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Please identify all persons who may have knowledge of the events, transactions, occurrences, denials, or affirmative defenses set forth in Plaintiff's Complaint or Defendant's Answer, and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**Response to Interrogatory No. 1**

1. Plaintiff, Shinaye Williams

1

Ms. Williams has information about her employment at USES, her education, background, and work experience, her training at USES, her allegations against Mr. Sanders, and the actions taken by USES in response to Ms. Williams' allegations. Ms. Williams provided USES with handwritten notes and some videos and also filed a verbal complaint with Candice Fobb, the Human Resources Manager for USES. No other written or recorded statements were taken.

2. Candice Fobb
   United States Environmental Services
   Human Resources Manager
   Currently employed

   Ms. Fobb has information relating to Plaintiff's employment at USES, Plaintiff's insufficient qualifications for the position of health and safety supervisor, Plaintiff's work performance and inexperience, Plaintiff's allegations against Mr. Sanders, the investigation conducted into Plaintiff's allegations against Mr. Sanders, the reasons for Plaintiff's termination, the cost reduction terminations by USES, the USES policies on paid time off, Plaintiff's eligibility for paid time off and benefits, the USES policies on discrimination, harassment, and retaliation, and the trainings conducted by USES. Ms. Fobb issued a report following her investigation of Ms. Williams' allegations. Ms. Fobb also took hand-written notes of several employees who she interviewed. Ms. Fobb also issued an independent assessment of Ms. Williams' work performance. No other written or recorded statements were taken.

3. Roy Bourgeois
   United States Environmental Services
   Operations/Utilities Manager – Geismar Division during Ms. Williams' employment
   Currently employed

   Mr. Bourgeois has information relating to Ms. Williams' employment at USES, her poor work performance, inexperience, inappropriate workplace demeanor, efforts to train Ms. Williams, Ms. Williams' refusal to follow orders from Mr. Bourgeois, Ms. Williams' allegations against Mr. Sanders, Ms. Williams' termination, the reasons for Ms. Williams' termination, and USES cost reductions. Mr. Bourgeois was interviewed by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

4. Brad Moring
   Former Southeast Louisiana Division Manager during Ms. Williams' employment
   No longer employed

   1120 Hampton Drive
   Allen, Texas 75013
   (425) 530-9431

2

Mr. Moring may have information relating to Ms. Williams' employment at USES, her poor work performance, inexperience, her lack of qualifications for the health and safety supervisor position, the decision to hire Ms. Williams, and efforts to train Ms. Williams. Mr. Moring did communicate via email about Ms. Williams' poor work performance and inexperience. No other written or record statements were taken.

5.  Phillip Schmidt
    United States Environmental Services
    Project Operations Manager- Geismar Office during Ms. Williams' employment
    Currently employed

    Mr. Schmidt has information relating to Ms. Williams' employment at USES, her poor work performance, inexperience, and inappropriate workplace demeanor. Mr. Schmidt was interviewed by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

6.  Terrence Below
    United States Environmental Services
    Former Project Manager during Ms. Williams' employment
    Currently employed

    Mr. Below has information relating to Ms. Williams' employment at USES, her poor work performance, inexperience, inappropriate workplace demeanor, and insufficient performance reviews for ExxonMobil. He also has information relating to his efforts to train Ms. Williams and his communications with Ms. Williams regarding her work performance. Mr. Below provided email communications regarding Ms. Williams' poor work performance and inexperience. No other written or record statements were taken.

7.  Robert Sanders
    United States Environmental Services
    Interim Site Manager at Exxon Baton Rouge Refinery during Ms. Williams' employment
    Currently employed

    Mr. Sanders has information relating to Ms. Williams' employment at USES, her poor work performance, inexperience, inappropriate workplace demeanor, efforts to train Ms. Williams, Ms. Williams' allegations against him, and Ms. Williams' relationship problems. Mr. Sanders was interviewed by Ms. Fobb regarding Ms. Williams' allegations against him. No written or recorded statement was taken other than the information contained in Ms. Fobb's notes and investigative report.

8.  Ramon Curry, CSHO
    United States Environmental Services
    Safety Supervisor during Ms. Williams' employment
    Currently employed

Mr. Curry has information relating to Ms. Williams' employment at USES, his communications with Ms. Williams regarding training, his efforts to train Ms. Williams, Ms. Williams' lack of experience, Ms. Williams' poor work performance, and Ms. Williams' workplace conflicts, and Ms. Williams' allegations against Mr. Sanders. Mr. Curry was interviewed by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. Mr. Curry provided email communications regarding Ms. Williams' poor work performance and inexperience. No other written or recorded statements were taken.

9. Mike Shay
   United States Environmental Services
   Local Area Manager during Ms. Williams' employment
   Currently employed

   Mr. Shay has information relating to Ms. Williams' employment at USES, her poor work performance and inexperience, efforts to train Ms. Williams, Ms. Williams' sexual harassment allegations against Mr. Sanders, Ms. Williams' termination, the reasons for terminating Ms. Williams, and USES cost reductions. Mr. Shay was interviewed by Ms. Fobb regarding the allegations against Mr. Sanders. Mr. Shay provided email communications regarding Ms. Williams' poor work performance and inexperience. No other written or recorded statements were taken.

10. Mike Ory
    Former Corporate Health and Safety Manager for New Orleans during Ms. Williams' employment
    No longer employed

    206 E. Durham Drive
    Slidell, Louisiana 70461
    (985) 643-8733
    (504) 432-8038

    Mr. Ory may have information relating to Ms. Williams' employment at USES, her poor work performance and inexperience, efforts to train Ms. Williams, ExxonMobil's expectations, and the independent performance review of Ms. Williams. Mr. Ory provided email communications regarding Ms. Williams' poor work performance and inexperience. No other written or recorded statements were taken.

11. Eugene Robinson
    United States Environmental Services
    Geimsar Project Manager for Chemical Cleaning during Ms. Williams' employment
    Currently employed

    Mr. Robinson may have information relating to Ms. Williams' employment at USES, Ms. Williams poor work performance and inexperience, Ms. Williams' allegations against Mr. Sanders, and the investigation conducted by Ms. Fobb regarding Mr. Sanders. Mr. Robinson was interviewed by Ms. Fobb regarding the allegations against Mr. Sanders.

No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

12. Noble Evans
    United States Environmental Services
    Supervisor Exxon BR/Shell Norco during Ms. Williams' employment
    Currently employed

    Mr. Evans may have information relating to Ms. Williams' employment at USES and the investigation conducted by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. Mr. Evans was interviewed by Ms. Fobb regarding the allegations against Mr. Sanders. No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

13. Carmino Holmes
    Former Operator Exxon BR during Ms. Williams' employment
    No longer employed

    4637 E. Post Oak Court
    Greenwell Springs, Louisiana 70739
    (225) 239-5662
    (225) 329-3317

    Carmino Holmes may have information relating to Ms. Williams' employment at USES and the investigation conducted by Ms. Fobb regarding Ms. Williams' allegations against Robert Sanders. Carmino Holmes was interviewed by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

14. Shantel Bazile-Maurice
    Former Admin Exxon BR during Ms. Williams' employment
    No longer employed

    11959 Nicolson #16301
    Baton Rouge, Louisiana 70810
    (225) 663-2564
    (225) 436-0714

    Ms. Bazile-Maurice may have information relating to Ms. Williams' employment at USES and the investigation conducted by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. Ms. Bazile-Maurice was interviewed by Ms. Fobb regarding Ms. Williams' allegations against Mr. Sanders. No written or recorded statements were taken other than the information contained in Ms. Fobb's notes and investigative report.

15. Sheldon James
    Former Safety Manager during Ms. Williams' employment

No longer employed

10356 Savannah Jane Lane
Baton Rouge, Louisiana 70817
(225) 290-3050

Mr. James may have information relating to Ms. Williams' employment at USES, her poor work performance and inexperience, her inappropriate workplace demeanor, and efforts to train Ms. Williams. Mr. James provided email communications regarding Ms. Williams' poor work performance, inexperience, and inappropriate workplace demeanor. No other written or recorded statements were taken.

16. Rod Powell
    United States Environmental Services
    Senior Vice President of Industrial Services during Ms. Williams' employment
    Currently employed

    Mr. Powell may have information relating to Ms. Williams' employment at USES, her poor work performance and inexperience, efforts to train Ms. Williams, the independent performance review of Ms. Williams, Ms. Williams' sexual harassment allegations, Ms. Williams' termination. No written or recorded statements were taken.

Defendant reserves the right to supplement this response as discovery is ongoing.

**Interrogatory No. 2:**

Please identify all persons who have participated in responding to any discovery requests propounded to Defendant in this case.

**Response to Interrogatory No. 2**

Candice Fobb and Roy Bourgeois assisted in responding to these discovery requests with the assistance of undersigned counsel.

**Interrogatory No. 3:**

Identify all persons with whom Defendant has communicated concerning the allegations in Plaintiff's Complaint or Defendant's Answer and describe those communications.

**Response to Interrogatory No. 3**

Defendant has communicated with counsel regarding the allegations in Plaintiff's Complaint and Defendant's Answer, and those communications are protected by the attorney-client privilege.

6

**Interrogatory No. 4:**

Identify all persons whom Defendant intends to call as witnesses at trial and give a summary of their anticipated testimony.

**Response to Interrogatory No. 4**

Defendant objects to this interrogatory as premature. Defendant has not made any decisions about who it intends to call as witnesses at trial, but will supplement this response as discovery is ongoing.

**Interrogatory No. 5:**

Identify all persons between June 2010 and the present who have made complaints of employment discrimination, harassment, or retaliation against Defendant for locations in Louisiana and locations for which HR employee Candace Fobb had responsibility; set forth the allegations of the complaint in detail; and describe in detail any action taken by the Defendant in response to the complaint. For each complaining employee, their job title, the date the complaint was made, and who received the complaint.

**Response to Interrogatory No. 5**

Defendant objects to Interrogatory No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and excluding Plaintiff's complaint against Robert Sanders, there have been no complaints against Robert Sanders for sexual harassment since June of 2010.

**Interrogatory No. 6:**

Identify any and all individuals who participated in any investigation conducted by Defendant in response to Plaintiff's internal complaints of discrimination, harassment, and retaliation; and describe in detail the role of each such individual in Defendant's investigation.

**Response to Interrogatory No. 6**

Candice Fobb participated in the investigation in response to Plaintiff's internal complaint. In response, Ms. Fobb spoke with Plaintiff and requested notes and videos from Plaintiff to review. Ms. Fobb told Plaintiff to report any further problems that she had with Mr. Sanders. Thereafter, Ms. Fobb reviewed Plaintiff's notes and videos and flew out to Louisiana to conduct an investigation. Ms. Fobb also reviewed the USES harassment, discrimination, and retaliation policies. After arriving in Louisiana, Ms. Fobb interviewed Plaintiff, Robert Sanders, and other USES employees regarding Plaintiff's allegations. Ms. Fobb also reviewed the policies on harassment, discrimination, and retaliation with Sanders. Ms. Fobb also had Plaintiff perform her job duties remotely at the Geismar site while the investigation was ongoing. After completing her investigation, Ms. Fobb drafted a report of her findings. Although Plaintiff's allegations were not substantiated, Ms. Fobb recommended that Mr. Sanders participate in

Performance Management and Conflict Resolution Training and reminded him to act professionally at all times in the workplace. Ms. Fobb consulted with John Moore, Chief Human Resources Officer, of Ms. Williams' complaint and her investigation.

**Interrogatory No. 7:**

For the period from June 2009 to the present, identify all persons employed by Defendant who have been or are responsible for conducting any investigations regarding complaints of employment discrimination, harassment, or retaliation.

**Response to Interrogatory No. 7**

Candice Fobb is primarily responsible for conducting all investigations regarding complaints of employment discrimination, harassment, or retaliation. Veronica Jones handles complaints of employment discrimination, harassment, or retaliation for the Emergency Response employees. John Moore occasionally handles employment discrimination, harassment, or retaliation complaints.

**Interrogatory No. 8:**

Describe in detail all training provided to Defendant's employees regarding the prevention of employment discrimination, harassment, retaliation, or complaint procedures, including the date and place of each such session. Identify each person who conducted each training session, and the persons who attended, and state whether attendance was mandatory.

**Response to Interrogatory No. 8**

On June 28, 2013, USES invited The Whitten Group, a management, consulting, and training firm, to provide training on workplace harassment, discrimination, and retaliation. The training was conducted by experienced employment attorney, Donna Hodges, at the USES office in Meraux, Louisiana. Managers and staff attended the training session. This training session was not mandatory. USES managers also take online training courses on harassment, discrimination, and retaliation bi-annually. Every employee also receives mandatory training on harassment and discrimination at the new hire orientation. All employees also receive a copy of the employee handbook, which contains policies on harassment, discrimination, and retaliation.

**Interrogatory No. 9:**

Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Defendant took to prevent retaliation against Plaintiff after she submitted her internal Complaints regarding discrimination, harassment, and retaliation.

**Response to Interrogatory No. 9**

Defendant prevents retaliation by maintaining policies against discrimination, harassment, and retaliation, which employees are required to acknowledge upon hire. Defendant also prevented retaliation by having Candice Fobb, the Human Resources Manager, conduct a

thorough investigation of Plaintiff's allegations against Mr. Sanders and by separating Plaintiff from Mr. Sanders while the investigation was ongoing. Ms. Fobb also interviewed Mr. Sanders regarding Plaintiff's allegations and reviewed the USES retaliation policy with Mr. Sanders. Ms. Fobb also instructed Plaintiff to report any other alleged incidents of harassment. Furthermore, Plaintiff was not terminated while the investigation was on-going, and Plaintiff was not terminated in retaliation for complaining about Mr. Sanders.

**Interrogatory No. 10:**

Identify all persons who made the decision to terminate Plaintiff, including, but not limited to, all individuals consulted, or who gave input, information, or advice, concerning her termination. Also, please explain the basis of the decision to terminate Plaintiff.

**Response to Interrogatory No. 10**

The decision to terminate Plaintiff was made by Candice Fobb, Roy Bourgeois, Rod Powell, and Mike Shay. Mike Ory and Phillip Schmidt provided input on Plaintiff's poor work performance and inexperience. Plaintiff was terminated as part of a cost reduction termination due to her inexperience, lack of skill, and poor work performance. The termination decision was based in part on Plaintiff's poor job performance and inexperience when working with Terrance Below, Ramon Curry, and Robert Sanders.

**Interrogatory No. 11:**

For each person known to be a witness concerning the facts of this case, set forth either a summary sufficient to inform Plaintiff of the facts known to or observed by such witnesses, or provide a copy of any written or recorded statements taken from such witnesses.

**Response to Interrogatory No. 11**

See response to Interrogatory No. 1.

**Interrogatory No. 12:**

Set forth the names and address of all insurance companies which have liability insurance relating to Plaintiff's claims and set forth the numbers or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

**Response to Interrogatory No. 12**

Defendant has an insurance policy from National Union Fire Insurance Company of Pittsburgh, PA related to Plaintiff's claims.

9

**Interrogatory No. 13:**

Set forth each and every action taken by you in response to the complaints and concerns raised by Plaintiff regarding the treatment she received while employed with Defendant, including any complaint regarding the actions of Robert Sanders.

**Response to Interrogatory No. 13**

Candice Fobb conducted an investigation in response to Plaintiff's internal complaint against Robert Sanders. Initially, Ms. Fobb spoke with Plaintiff and requested notes and videos from Plaintiff to review. Ms. Fobb told Plaintiff to report any further problems that she had with Mr. Sanders. Thereafter, Ms. Fobb reviewed Plaintiff's notes and videos and flew out to Louisiana to conduct an investigation. Ms. Fobb also reviewed the USES harassment, discrimination, and retaliation policies. After arriving in Louisiana, Ms. Fobb interviewed Plaintiff, Robert Sanders, and other USES employees regarding Plaintiff's allegations. Ms. Fobb also reviewed the policies on harassment, discrimination, and retaliation with Sanders. Ms. Fobb also separated Plaintiff from Mr. Sanders and had Plaintiff perform her job duties remotely at the Geismar site while the investigation was ongoing. After completing her investigation, Ms. Fobb drafted a report of her findings. Although Plaintiff's allegations were not substantiated, Ms. Fobb recommended that Mr. Sanders participate in Performance Management and Conflict Resolution Training and reminded him to act professionally at all times in the workplace. Ms. Fobb consulted with John Moore, Chief Human Resources Officer, of Ms. Williams' complaint and her investigation.

**Interrogatory No. 14:**

If you object to any interrogatory or request for production herein, set forth the specific bases for the objection and each fact upon which you rely. For example, if you claim that a request or interrogatory is "unduly burdensome" (imposes an "undue burden"), specify the burden you claim it would impose and the manner in which that burden is "undue," the steps that would be necessary to ascertain the information, and the time that would be involved in obtaining the information. Likewise, if you claim that a request or interrogatory is overly broad, set forth the manner in which it is overly broad and specify what you would contend would be the proper scope of the request.

**Response to Interrogatory No. 14**

See the objections and limitations explained in responses to Interrogatories 3, 4, and 5.

**Interrogatory No. 15:**

For each interrogatory or request to which you object on such grounds that responding would be unduly burdensome or that the request/interrogatory imposes an "undue burden" or is "overly broad," specify each step you have taken by you as part of your good-faith effort to provide responsive information, including the names of the persons to whom inquiry was made regarding the information at issue.

**Response to Interrogatory No. 15**

  See the objections and limitations explained in responses to Interrogatories 3, 4, and 5.


## RESPONSES TO REQUESTS FOR PRODUCTION

**Request For Production No. 1:**

All documents (i) identified or described in your Initial Disclosures under Fed. R. Civ. P. 26 and any supplements thereto, and (ii) all documents identified, referenced, reviewed, considered, or relied upon in answering Plaintiff's First Interrogatories.

**Response to Request for Production No. 1**

  Defendant relies on the following documents:

1. 2012 USES Employee Handbook

2. Summary Plan Description of USES Welfare Benefits Plan

3. New Hire Orientation PowerPoint Presentation

4. 6.28.13 Training Report

5. Job description for Health and Safety Supervisor

6. Plaintiff's Employment Application

7. Plaintiff's Personnel File

8. 10.28.14 Independent Assessment by Candice Fobb

9. 10.28.14 Internal Investigation Report by Candice Fobb

10. Handwritten Notes from Plaintiff

11. Videos recorded by Plaintiff

12. Plaintiff's payment record

13. USES computer system printout identifying Plaintiff's eligibility for benefits

14. Geismar Organizational Chart

15. 11.19.14 Charge of Discrimination filed by Plaintiff

16. Notice of Right to Sue from the EEOC

17. 7.18.14 Emails from Brad Moring to Candice Fobb regarding Plaintiff's qualifications

18. 7.20.14 Email from Terrance Below to Sheldon James regarding Plaintiff

19. 7.20.14 Email from Sheldon James to Terrance Below regarding Plaintiff's inappropriate workplace demeanor

20. 7.21.14 Email from Sheldon James to Phillip Schmidt regarding Plaintiff's inappropriate workplace demeanor.

21. 7.21.14 Email from Terrence Below to Brad Mooring, Roy Bourgeois, Phillip Schmidt, and Candice Fobb regarding training of Plaintiff, Plaintiff's inappropriate workplace demeanor, and Plaintiff's inexperience.

22. 7.21.14 Email exchange between Candice Fobb and Brad Moring regarding Plaintiff's qualifications

23. 7.21.14 Email from Roy Bourgeois to Sheldon James regarding Plaintiff's inappropriate workplace demeanor and inexperience.

24. 7.21.14 Email from Roy Bourgeois to Brad Moring regarding Plaintiff's qualifications.

25. 7.31.14 Email exchange between Candice Fobb and Brad Moring regarding qualifications of new hires

26. 8.5.14 Email exchange between Sheldon James, Terrence Below, and Robert Sanders regarding two week training in Jackson, Mississippi for Plaintiff.

27. 8.11.14 Email from Sheldon James regarding Plaintiff's two week training in Jackson and room accommodation

28. 9.3.14 Email exchange between Brad Moring, Terrance Below, Phillip Schmidt, and Roy Bourgeois regarding his Mr. Below's efforts to train Plaintiff

29. 9.11.14 Email exchange between Terrence Below and Plaintiff regarding follow-up about Short Service Worker Program

30. 9.23.14 Email concerning Plaintiff's eligibility for benefits

31. 10.7.14 Email from Mike Shay to Roy Bourgeois regarding Plaintiff's resume

32. 10.8.14 Email from Mike Ory to Rod Powell regarding Plaintiff's inexperience and training of Plaintiff

33. 10.8.14 Email from Mike Ory to Ramon Curry regarding Plaintiff's inexperience and training of Plaintiff

34. 10.8.14 Email from Rod Powell to Mike Shay regarding Plaintiff's inexperience and training of Plaintiff

35. 10.8.14 Email from Mike Shay to Mike Ory regarding ExxonMobil's expectations and training by Ramon Curry

36. 10.9.14 Email from Mike Ory to Mike Shay, Ramon Curry, Rod Powell, and Eric Hoffman regarding ExxonMobil expectations and training of Plaintiff by Ramon Curry

37. 10.9.14 Email from Ramon Curry to Plaintiff regarding training of Plaintiff.

38. 10.9.14 Email from Plaintiff to Ramon Curry acknowledging training

39. 10.9.14 Email exchange between Eric Hoffman and Mike Ory regarding training of Plaintiff by Ramon Curry and report by Ramon Curry

40. 10.9.14 Email exchange between Ramon Curry and Plaintiff regarding training

41. 10.9.14 Email exchange between Mike Ory, Eric Hoffman, and Mike Shay regarding training of Plaintiff.

42. 10.13.14 Email from Plaintiff to Robert Sanders regarding training with Ramon Curry.

43. 10.14.14 Email exchange between Mike Ory and Ramon Curry regarding training of Plaintiff

44. 10.15.14 Email exchange between Candice Fobb and John Moore regarding internal allegation of sexual harassment by Plaintiff

45. 10.15.14 Email from John Moore to Candice Fobb regarding Plaintiff's inexperience

46. 10.15.14 Email from John Moore to David Johnson regarding internal allegation of sexual harassment by Plaintiff

47. 10.15.14 Email exchange between John Moore and Candice Fobb regarding training of Plaintiff due to Plaintiff's lack of qualifications and inexperience

48. 10.15.14 Email exchange between Candice Fobb, John Moore, David Johnson, and Mike Shay regarding whether Plaintiff was involved in vehicle incident

49. 10.15.14 Email from John Moore to Candice Fobb regarding Plaintiff's training in Jackson, Mississippi

50. 10.15.14 Email from Plaintiff to Robert Sanders, Roy Bourgeois, and Ramon Curry regarding marriage counseling

51. 10.17.14 Email from Ramon Curry to Mike Shay, Mike Ory, Clay Cox, Candice Fobb, Roy Bourgeois, and Rod Powell regarding assessment of Plaintiff

52. 10.17.14 Email exchange between Eric Hoffman and Mike Shay regarding Ramon Curry's assessment of Plaintiff

53. 10.21.14 Email from Candice Fobb to Mike Shay regarding investigation of sexual harassment allegation by Plaintiff

54. 10.22.14 Email from Rod Powell to Ramon Curry, Mike Shay, Mike Ory, Clay Cox, Candice Fobb, and Roy Bourgeois regarding assessment of Plaintiff

55. 10.22.14 Email from Candice Fobb to John Moore regarding Ramon Curry's assessment of Plaintiff

56. 10.23.14 Email exchange between Roy Bourgeois and Mike Shay regarding Geismar Cost Reduction Recommendations

57. 10.25.14 Email from Mike Shay to Roy Bourgeois regarding Geismar Cost Reduction Report

58. Redacted 10.28.14 Email exchange between Candice Fobb and John Moore regarding report on investigation of Plaintiff's sexual harassment allegations and independent assessment of Plaintiff's job performance and discussion of possible claim and settlement negotiations

59. Redacted 10.28.14 Email from Candice Fobb to Mike Shay, Rod Powell, John Moore, and David Johnson regarding report on investigation of Plaintiff's sexual harassment allegations and independent assessment of Plaintiff's job performance and discussion of possible claim and settlement negotiations

60. Redacted 10.28.14 Email exchange between Rod Powell, Candice Fobb, Mike Shay, John Moore, David Johnson regarding Plaintiff's termination and discussion of possible claim and settlement negotiations

61. Redacted 10.29.14 Email from Mike Shay to Candice Fobb regarding Plaintiff's termination

62. Redacted 10.31.14 Email exchange between Mike Shay and Candice Fobb regarding Plaintiff's company assets and Plaintiff's termination and discussion of possible claim and settlement negotiations

63. Redacted 10.31.14 Email from Candice Fobb to Mike Shay regarding Plaintiff's termination and organizational changes company wide and discussion of possible claim and settlement negotiations

64. Redacted 10.31.14 Email from Mike Shay to Roy Bourgeois regarding Plaintiff's company assets and discussion of possible claim and settlement negotiations

65. Redacted 10.31.14 Email from Mike Shay to Roy Bourgeois regarding termination of Plaintiff and discussion of possible claim and settlement negotiations

66. 10.31.14 Email from Terrence Below to Roy Bourgeois regarding paperwork for Plaintiff

67. 11.3.14 Email to Mike Shay regarding termination of Plaintiff

68. 11.5.14 Email exchange between Plaintiff and Candice Fobb regarding Plaintiff's eligibility for benefits

69. 11.5.14 Email exchange between Roy Bourgeois and Pat Whipple regarding Merlin Dupont transfer

70. 11.10.14 Email exchange between Roy Bourgeois and Mike Shay regarding Geismar personnel reductions and attachment

71. 9.12.14 Email from Plaintiff to Terrence Below regarding the Short Service Worker Program

72. 9.23.14 Email exchange between Plaintiff and Mike Ory regarding mentor Terrence Below.

73. 11.6.14 Email from Roy Bourgeois to Mike Shay regarding Geismar documents for Geismar Cost Reduction Plan

74. 11.5.14 Email from Roy Bourgeois to  Mike Shay regarding SG&A Cost Reduction Plan (Geismar)

75. Candice Fobb's Interview Notes

Defendant reserves the right to supplement this list as discovery is ongoing.

**Request For Production No. 2:**

All documents that you may use to support the defenses asserted in your Answer to Plaintiff's Complaint.

**Response to Request for Production No. 2**

Please see Response to Request for Production No. 1. Defendant reserves the right to supplement this list as discovery is ongoing.

**Request For Production No. 3:**

All documents constituting any statements or communications Defendant or its employees have made concerning the claims or defenses in this Action, including any such statements or communications between or amongst (i) Defendant's employees or agents; or (ii) Defendant and the clients or customers to which it provides services.

**Response to Request for Production No. 3**

Defendant objects to Request for Production No. 3 to the extent that is calls for documents protected by the work product doctrine and the settlement privilege. Subject to this objection, please see Response to Request for Production No. 1, which includes emails that have been redacted to protect the work product doctrine and settlement privilege.

Additionally, Defendant is willing to produce some emails protected by the work product doctrine provided that Plaintiff does not construe the production as a blanket waiver of the work product doctrine. Please see attached privilege log.

**Request For Production No. 4:**

All documents concerning Plaintiff's employment with Defendant, including her personnel file(s), job applications, performance evaluations, e-mails, written correspondence, timesheets, schedules, and payroll records.

**Response to Request for Production No. 4**

Please see Response to Request for Production No. 1.

**Request For Production No. 5:**

The smartphone/telephone issued to Plaintiff during her employment with Defendant.

**Response to Request for Production No. 5**

Defendant objects to Request for Production No. 5 on the grounds that it is unduly burdensome and calls for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request For Production No. 6:**

Documents sufficient to explain Defendant's corporate or associational structure, including documents sufficient to explain the relationship or affiliation between Defendant, Unites States Environmental Services, LLC, and United States Maritime Service.

**Response to Request for Production No. 6**

Defendant objects to Request for Production No. 6 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request For Production No. 7:**

All documents relating to Plaintiff's internal complaints to Defendant, including interview notes, communications to/from individuals interviewed; memoranda, written statements, corrective actions, investigation results, audio or video recordings, transcripts, and e-mails or other correspondence. In addition, please produce a privilege log for any documents withheld on grounds of privilege (including communications to/from any attorneys) concerning Plaintiff's internal complaints. This RFP does not include communications to/from Defendant's counsel of record in this litigation after the Complaint was filed which relate solely to the litigation aspect of Plaintiff's complaints (i.e., review of pleadings, requests for discovery information, etc.).

**Response to Request for Production No. 7**

Please see Ms. Fobb's interview notes, Ms. Fobb's investigative report, emails relating to Plaintiff's internal complaint, Plaintiff's videos, and Plaintiff's handwritten notes.

**Request For Production No. 8:**

Any and all documents concerning the compensation paid to Plaintiff during her employment with Defendant, including but not limited to, salary, bonuses, and commissions.

**Response to Request for Production No. 8**

Please see Plaintiff's payment record.

**Request For Production No. 9:**

All documents that Defendant distributed to employees, including supervisory personnel, in the last five (5) years regarding Defendant's policies concerning discrimination, harassment, and retaliation.

**Response to Request for Production No. 9**

Please see the 2012 USES Employee Handbook, the Acknowledgement Form for the 2012 USES Employee Handbook, and the Acknowledgement Form for the Sexual Harassment Policy. Please also see the New Hire Orientation PowerPoint slides, which were viewed by employees, but not distributed.

**Request For Production No. 10:**

All documents constituting any complaints, concerns, or other comments expressed to Defendant concerning discrimination, harassment, and retaliation between June 2010 and the present for locations in Louisiana and locations for which HR employee Candace Fobb had responsibility; and all documents concerning any responses thereto.

**Response to Request for Production No. 10**

Defendant objects to Request for Production No. 10 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and excluding Plaintiff's complaint against Robert Sanders, there have been no other complaints concerning discrimination, harassment, and retaliation against Robert Sanders.

**Request For Production No. 11:**

All documents relating to any training provided to Plaintiff, whether before her employment with Defendant or during her employment with Defendant.

**Response to Request for Production No. 11**

Please see the New Hire Orientation PowerPoint, the 2012 USES Employee Handbook, and the emails identified in Response to Request for Production No. 1 relating to training provided to Plaintiff by Terrance Below and Ramon Curry and training in Jackson, Mississippi.

**Request For Production No. 12:**

All documents relating to Plaintiff's discharge from Defendant, including any selection criteria, agreements, and related documents.

**Response to Request for Production No. 12**

Please see emails identified in Response to Request for Production No. 1 relating to Plaintiff's poor work performance, inexperience, lack of qualifications, and inappropriate workplace demeanor. Please also see emails identified in Response to Request for Production No. 1 relating to Plaintiff's termination. Please also see Independent Assessment of Plaintiff by Candice Fobb. Please also see emails related to cost termination reductions.

**Request For Production No. 13:**

All documents evidencing communications to/from Plaintiff regarding her employment or job performance.

**Response to Request for Production No. 13**

Defendant objects to Request for Production No. 13 on the grounds that it is overly broad. Subject to this objection, see the emails related to ongoing training provided to Plaintiff identified in Response to Request for Production No. 1. Please also see Plaintiff's handwritten notes regarding alleged comments made about her job performance.

**Request For Production No. 14:**

All documents relied upon or considered in making the decision to terminate Plaintiff's employment.

**Response to Request for Production No. 14**

Please see emails identified in Response to Request for Production No. 1 relating to Plaintiff's poor work performance, inexperience, lack of qualifications, and inappropriate workplace demeanor. Please also see the Independent Assessment by Candice Fobb. Please also see emails related to cost termination reductions.

**Request For Production No. 15:**

All documents referred to in Defendant's January 9, 2015 position statement to the Equal Employment Opportunity Commission.

**Response to Request for Production No. 15**

Please see the following, which are attached:

1. July 18, 2014 Email from Brad Moring

2. July 21, 2014 Email from Terrence Below

3. October 8, 2014 Email from Mike Ory to Mike Shay

4.  October 17, 2014 Email from Ramon Curry

5.  October 22, 2014 Investigative Report by Candice Fobb

6.  Severance Agreement offered to Plaintiff (DEFENDANT260-000262)

**Request For Production No. 16:**

All documents relied upon or considered in drafting Defendant's January 9, 2015 position statement to the Equal Employment Opportunity Commission.

**Response to Request for Production No. 16**

Defendant objects to Request for Production No. 16 on the grounds that it calls for information protected by the attorney-client privilege and the work product doctrine.

**Request For Production No. 17:**

All documents concerning Defendant's decision to hire Plaintiff.

**Response to Request for Production No. 17**

Please see Plaintiff's employment application, Plaintiff's résumé, and emails identified in Response to Request for Production No. 1 identifying who hired Plaintiff.

**Request For Production No. 18:**

All documents relating to Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission, including interview notes, written statements, audio or video recordings, transcripts, e-mails or other correspondence, and memoranda.  In addition, please produce a privilege log for any communications to/from Defendant's counsel concerning Plaintiff's Charge of Discrimination.

**Response to Request for Production No. 18**

Please see Response to Request for Production No. 1.

**Request For Production No. 19:**

All documents submitted to the Equal Employment Opportunity Commission concerning Plaintiff's Charge of Discrimination.

**Response to Request for Production No. 19**

Defendant submitted a position statement to the EEOC concerning Plaintiff's Charge of Discrimination, which has already been produced to Plaintiff's counsel. If Plaintiff does not have a copy, please advise and Defendant will send another copy.

**Request For Production No. 20:**

All documents which reflect or set forth Plaintiff's job duties and responsibilities during her employment with Defendant, including job descriptions.

**Response to Request for Production No. 20**

Please see the USES job description for the Health and Safety Supervisor position.

**Request For Production No. 21:**

The complete personnel file of Robert Sanders, including but not limited to, any documents, records, memoranda, notes, or corrective actions which were part of Mr. Sander's personnel file at any time. Please withhold or redact any medical documents or documentation regarding personal financial information and redact any salary or other compensation information.

**Response to Request for Production No. 21**

Defendant will produce a redacted personnel file pursuant to a protective order, which includes redacted social security numbers, banking information, loan documentation, and benefits information. A protective order is attached hereto.

**Request For Production No. 22:**

All documents concerning fringe benefits and employee benefits which Defendant provided to Plaintiff, including but not limited to, summary plan descriptions, 401k plans, pension plans, profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance.

**Response to Request for Production No. 22**

Please see the 2012 USES Employee Handbook, the Summary Plan Description of USES Welfare Benefits Plan, the New Hire Orientation PowerPoint, a printout from the USES computer system identifying Plaintiff's eligibility for benefits, and emails related to eligibility for company benefits.

**Request For Production No. 23:**

Produce Defendant's employee handbooks from 2011 through the present.

**Response to Request for Production No. 23**

Defendant objects to Request for Production No. 23 on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant directs Plaintiff to the 2012 USES Employee Handbook, which was effective during Plaintiff's employment.

**Request For Production No. 24:**

All documents relating to the "cost reduction terminations" referred to in Defendant's January 9, 2015 position statement to the Equal Employment Opportunity Commission.

**Response to Request for Production No. 24**

Please see emails identified in Response to Request for Production No. 1 relating to Plaintiff's poor work performance, lack of qualifications, and inexperience. Please also see emails related to cost termination reductions.

**Request For Production No. 25:**

Documents evidencing communications to/from Exxon Mobil regarding Plaintiff.

**Response to Request for Production No. 25**

Defendant objects to Request for Production No. 25 to the extent that it calls for information protected by the work product doctrine. However, Defendant is willing to produce some emails protected by the work product doctrine provided that Plaintiff does not construe the production as a blanket waiver of the work product doctrine. Please see attached privilege log.

**Request For Production No. 26:**

Defendant's policies and procedures for accrual of Paid Time Off, vacation pay, or sick pay between June 2011 and the present, including any employee handbooks and summary plan descriptions.

**Response to Request for Production No. 26**

Please see the 2012 USES Employee Handbook, the Summary Plan Description of USES Welfare Benefits Plan, the New Hire Orientation PowerPoint, a printout from the USES computer system identifying Plaintiff's eligibility for benefits, and emails related to eligibility for company benefits.

**Request For Production No. 27:**

All documents concerning contracts or agreements between Defendant and the ExxonMobil facility to which Plaintiff was assigned to work.

**Response to Request for Production No. 27**

Defendant objects to Request for Production No. 27 on the grounds that it is vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence and calls for information that is confidential and proprietary.

**Request For Production No. 28:**

All documents relating to the decision to transfer Plaintiff to Defendant's Geismar site.

**Response to Request for Production No. 28**

None.

**Request For Production No. 29:**

All documents showing Defendant's management structure, including those people working above Plaintiff as the management structure existed for the last three (3) years.

**Response to Request for Production No. 29**

Please see attached organizational chart for the Geismar division.

**Request For Production No. 30:**

Produce all documents showing the number of women employed by Defendant at locations/sires for which Defendant's Geismar site has responsibility.

**Response to Request for Production No. 30**

Defendant objects to Request for Production No. 30 on the grounds that it is unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, please see the organizational chart for the Geismar division.

**Request For Production No. 31:**

Provide any and all documents concerning Defendant's insurance coverage and/or policies that may provide coverage for Plaintiff's allegation.

**Response to Request for Production No. 31**

Please see attached insurance policy from National Union Fire Insurance Company of Pittsburgh, PA (DEFENDANT000263-000344).

**Request For Production No. 32:**

To the extent not already produced, produce all documents that Defendant will rely upon to support its denials of Plaintiff's allegations.

**Response to Request for Production No. 32**

Please see Response to Request for Production No. 1.

**Request For Production No. 33:**

Produce each document Defendant contends constitutes an admission on the part of the Plaintiff with regard to the matters which are the subject of this action.

**Response to Request for Production No. 33**

Please see Plaintiff's handwritten notes, videos, and emails identified in Response to Request for Production No. 1.

**Request For Production No. 34:**

Produce all reports prepared by investigators or consultants for Defendant.

**Response to Request for Production No. 34**

Defendant objects to Request for Production No. 34 on the grounds that such information is not discoverable. Subject to this objection, Defendant will provide expert reports for any expert it plans to call at trial in accordance with the deadlines set forth by the Court.

**Request For Production No. 35:**

All documents constituting your document retention policies for both hard-copy files and electronic information applicable at any time from June 2010 to the present; and documents concerning the effective date and substance of any changes, modifications, or revisions thereto.

**Response to Request for Production No. 35**

Defendant objects to this request on the grounds that this request calls for confidential and proprietary information. Additionally, Plaintiff has failed to show or identify any failure on the part of Defendant to retain documents.

**Request For Production No. 36:**

Produce all exhibits Defendant intends to offer at trial.

## Response to Request for Production No. 36

Defendant objects to Request for Production No. 36 as premature. Defendant has not made any decisions about what exhibits it intends to offer at trial, but will supplement this response as discovery is ongoing.

## Request For Production No. 37:

The complete personnel file of any employee who Defendant terminated, or who was retained as an employee, in connection with the "cost-reduction terminations" referred to in Defendant's January 9, 2015 position statement to the Equal Employment Opportunity Commission. Please withhold or redact any medical documents or documentation regarding personal financial information.

## Response to Request for Production No. 37

Defendant will produce redacted personnel files pursuant to a protective order, which includes redacted social security numbers, banking information, loan documentation, and benefits information. A protective order is attached hereto.

Respectfully submitted,

**ADAMS AND REESE LLP**

Leslie A. Lanusse, T.A. (#14115)
Diana Cole Surprenant (#33399)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: leslie.lanusse@arlaw.com
Email: diana.surprenant@arlaw.com
***Counsel for United States Environmental Services, L.L.C.***

25

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2015, I e-mailed the foregoing to counsel for

Plaintiff.

_____
Diana Cole Surprenant